# DISTRICT OF COLUMBIA v. PHILADELPHIA, BALTIMORE, & WASHINGTON RAILROAD COMPANY

### APPEAL AND ERROR.

1. This case is governed by the decision of the court in *Washington Terminal Co.* v. *District of Columbia,* 36 App. D. C. 186.

2. Where this court affirmed a judgment of the lower court in an action of debt by the District of Columbia against a railroad company under the act of Congress of March 3, 1883 (22 Stat. at L. 466, chap. 95), to recover $8,093.76 cost alleged to have been incurred by the plaintiff in lighting certain streets and avenues over and under which the tracks of the defendant extended, upon the ground that the defendant had so constructed its tracks in conformity with the requirements of the act of Congress of February 12, 1901 (31 Stat. at L. 774, chap. 354), and that the act of 1883 did not apply,—an application by the appellant for a writ of error to the Supreme Court of the United States, based upon clause 6 of sec. 250 of the act of Congress of March 3, 1911 (36 Stat. at L. 1087, chap. 231),

known as the Judicial Code, was *denied,* but the chief justice of that court granted a similar application made to him by the appellant.

No. 2322.    Submitted December 8, 1911.    Decided January 2, 1912.

HEARING on an appeal by the plaintiff, the District of Columbia, from a judgment of the Supreme Court of the District of Columbia, in an action of debt.                        *Affirmed.*

The facts are stated in the opinion.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the Appellant.

*Mr. Frederick D. McKenney,, Mr. John S. Flannery, Mr. William Hitz,* and *Mr. W. Clayton Carpenter* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an action in debt brought by plaintiff, the District of Columbia, under the act of Congress of March 3, 1883 (22 Stat. at L. 466, chap. 95), to recover from defendant, the Philadelphia, Baltimore, & Washington Railroad Company, a corporation, the sum of $8,093.76, costs incurred by plaintiff in lighting certain streets and avenues over and under which the railway tracks of the defendant company extend.

The declaration is in three counts.    Error is assigned only as to the first, which claims recovery solely under the act above cited.    This question was before us in the case of *Washington Terminal Co.* v. *District of Columbia,* 36 App. D. C. 186, where it was held that, inasmuch as the Washington Terminal Company had constructed its tracks either above or below the streets, alleys, avenues, and public grounds of the District, in conformity with the requirements of the acts of Congress approved February 12, 1901 (31 Stat. at L. 774, chap. 354), and February 27, 1903 (32 Stat. at L. 909, chap. 854), the act of 1883 did not apply.

It is conceded that the tracks of defendant company are con-

structed in compliance with the acts of 1901 and 1903, hence within the rule applied in our former decision. Nothing has been advanced by counsel for plaintiff, either in proof or argument, to impel us to change our views. The judgment is affirmed with costs, and it is so ordered. *Affirmed.*

On January 9, 1912, the appellant applied for the allowance of a writ of error to the Supreme Court of the United States.

The application was denied January 10, 1912, Mr. Justice VAN ORSDEL delivering the opinion of the Court:

There is no ground for this application. The only ground assigned is under clause 6 of section 250. But as the applicant is plaintiff in the suit, there is no possible ground upon which he can claim the right to a writ of error. There is no occasion to consider it upon any other ground.

Thereafter the Chief Justice of the Supreme Court of the United States, on application of the appellant, directed the writ of error to issue, and the cause was thereupon removed to that court.